UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROGER R. CLAYTON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:24-cv-00142-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

On February 19, 2015, this Court sentenced Roger R. Clayton to 279 months of imprisonment on one count of bank robbery, one count of possession of a firearm in furtherance of a crime of violence, and one count of possession of a firearm as a felon. *See United States v. Clayton*, Case No. 1:13-cr-00098-SNLJ-1 (E.D. Mo. June 28, 2021) (ECF No. 240). Clayton is currently incarcerated at USP Atwater in Atwater, California. On July 23, 2024, he initiated this case by filing a handwritten Motion to Vacate, Set Aside, or Correct Sentence. (ECF No. 1).

Congress has established a one-year statute of limitations for habeas relief under § 2255. *See* 28 U.S.C. § 2255(f). This limitation period runs from the latest of: (1) the date on which the judgment became final; (2) the date on which any state-created impediment to filing was removed; (3) the date on which the asserted constitutional right was initially recognized by the Supreme Court, if newly recognized and made retroactive; or (4) the date on which the facts supporting the claim could have been discovered through due diligence. *Id*. As the Eighth Circuit has explained, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

More than nine years have passed since Clayton's judgment of conviction. Accordingly, Clayton shall show cause in writing why his motion should not be dismissed as untimely. *See Day v. McDonough*, 547 U.S. 198, (2006) (stating that a district court must, before sua sponte dismissing a habeas petition as time-barred, give a petitioner due notice and a fair opportunity to show why the petition should not be dismissed). The Court notes that although cases involving actual innocence may be exempt from the limitation period, the Supreme Court has emphasized that the exception arises only in "rare" cases where the movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial[.]" *McQuiggin v. Perkins*, 569 U.S. 383, 385 (2013).

Accordingly,

**IT IS HEREBY ORDERED** that Clayton shall show cause in writing, no later than **thirty (30) days** from the date of this order, why this action should not be dismissed as untimely. Failure to timely comply with this order may result in the dismissal of this case without prejudice and without further notice.

Dated this 12th day of December, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE